# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOHN FOLEY,

    Plaintiff,

v.                                                     CASE NO.:

MICROTRAC, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN FOLEY, by and through undersigned counsel, brings this action against Defendant, MICROTRAC, INC. ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant operates a manufacturing company in St. Pete Beach, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

16. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

17. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

## FACTS

18. Plaintiff began working for Defendant as a particle size analyzer instrumentation service agent in July 1979, and he worked in this capacity until November 30, 2021.

19. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

20. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

21. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a wage, plus paid time off and expenses.

22. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including paid time off and expenses.

23. Plaintiff's wages, paid time off, and expenses constitute "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

24. Defendant's failure to pay Plaintiff all of Plaintiff's wages was willful.

25. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

26. On or about October 28, 2021, one of Plaintiff's supervisors asked him "When are you going to retire?"

27. Plaintiff responded by saying "I have no plans to retire at the moment."

28. The supervisor asked him if he had any idea when he is going to retire.

29. Plaintiff said "I would like to make it to 70 before I retire."

30. On November 30, 2021, just a month after this conversation, Defendant terminated Plaintiff's employment.

31. Defendant hired two much younger individuals to replace Plaintiff.

## COUNT I – FLSA OVERTIME VIOLATION

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

33. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)    Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c)    An equal amount to Plaintiff's overtime damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendant's practices as to Plaintiff were unlawful;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

37. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for Plaintiff's services.

38. Defendant failed to compensate Plaintiff with all "wages" owed to Plaintiff, including paid time off and expenses.

39. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e) For such further relief as this Court deems just.

## COUNT III – ADEA VIOLATION

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

41. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

42. Plaintiff was subjected to disparate treatment based on his age.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the ADEA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to his prior position with back pay plus interest, or in the alternative, front pay;

f) Liquidated damages in an amount equal to Plaintiff's total damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of May, 2022.

Respectfully submitted,

/s/ Luis A. Cabassa

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**